UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

HAROLD GREEN,

Plaintiff,

v.

ST. PAUL POLICE DEPT.,

Defendant.

Civil No. 01-1696 (ADM/SRN)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he seeks leave to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that Plaintiff's IFP application be denied, and that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. BACKGROUND

Plaintiff is attempting to sue a party identified as "St. Paul Police Dept.," which presumably is the police department for the city of St. Paul, Minnesota. He alleges that an unidentified police officer, (evidently a member of the St. Paul police department), approached him near a church and asked him what he was doing. After the officer allegedly searched Plaintiff without finding anything, Plaintiff asked if he was free to go. The officer then allegedly told Plaintiff not to leave, and, in Plaintiff's words, "there was a tusle [sic]." Thereafter, Plaintiff alleges, he was "slamed [sic] down," handcuffed and

FILED SEP 21 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

sprayed with mace. Plaintiff was taken to the hospital to clean the mace spray from his eyes, and then, apparently, released.

The complaint does not identify the legal theory or principles on which Plaintiff's lawsuit is based, nor does it describe the relief he is seeking in this matter.

## II. DISCUSSION

An IFP application will be denied and the action will be dismissed if the plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).[1]

The complaint in this case is fatally defective because the only named Defendant, "St. Paul Police Dept.," is not a party that can be sued as such. A municipal police department is simply not a "suable entity;" it is merely a part of some larger municipal government, and has no separate legal existence by itself. Ketchum v. City of West Memphis, 974 F.2d 81, 82 (8th Cir. 1992), ("[t]he West Memphis Police Department and West Memphis Paramedic Services are not judicial entities suable as such[;] [t]hey are simply departments or subdivisions of the City government"); Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (same); Ricketts v. City of Hartford, 74 F.3d 1397, 1400

---

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)).

n. 1 (2nd Cir.) (same), cert. denied, 519 U.S. 815 (1996). Therefore, the City of St. Paul's police department cannot be sued as such in federal court.

Because "St. Paul Police Dept." is the only named Defendant in this lawsuit, and that "defendant" cannot be sued as such, the complaint fails to state any claim on which relief can be granted. It will therefore be recommended that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). It will be recommended that the action be dismissed without prejudice, however, so that Plaintiff will be able to commence an entirely new lawsuit, if he believes that he has any actionable federal claim(s) against any suable party based on the incident described in his current complaint. See De La Garza v. Kandiyohi County Jail, No. 01-1966 (8th Cir. Aug. 30, 2001), 2001 WL 987542 (unpublished opinion).

**III. RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2. The action be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: September 21, 2001

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.